IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARCUS DeANGELO JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:22-cv-0180-O |
| | § | |
| FREDDIE GARRIDO, WARDEN, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the petition of Marcus DeAngelo Jones under 28 U.S.C. § 2241 for writ of habeas corpus. The Court, having considered petition and supporting documents, the response, the replies, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

## I.    BACKGROUND

On February 13, 2022, an officer making rounds in Petitioner's housing unit saw Petitioner place something on his bed and, believing the item to be a cell phone, investigated further. Petitioner and the officer engaged in a confrontation, then Petitioner ran from the officer. The officer issued an incident report, charging Petitioner with (1) destroying/disposing of an item during a search and (2) assaulting the officer without serious injury. ECF No. 28 at App. 13. On February 14, 2022, Petitioner was provided a copy of the incident report. *Id.* On February 15, 2022, the Unit Disciplinary Committee ("UDC") found that Petitioner committed the prohibited acts and referred the charges to the Discipline Hearing Officer ("DHO") for further hearing. *Id.* at App. 15. On that same date, Petitioner was notified of his rights with regard to the DHO hearing. *Id.* at App. 23. On March 2, 2022, the DHO hearing was held. *Id.* at App. 17. Petitioner was represented by a

staff representative. *Id.* Petitioner explained his version of the events. He called three witnesses to testify on his behalf. *Id.* at App. 17–19. On April 4, 2022, the DHO issued his written report, finding Petitioner guilty of the charges, explaining his reasons for doing so. *Id.* at App. 19–20. As a result, among other punishments, Petitioner lost 41 days' good conduct time for the destroying/destruction charge and 27 days' good conduct time for the assault. *Id.* at App. 21. On April 5, 2022, the report was delivered to Petitioner. *Id.*

On March 10, 2022, the Clerk received for filing an undated "Petition for an Emergency Injunction" submitted by Petitioner. ECF No. 1. The document confusingly stated that the DHO hearing had not been scheduled, *id.* at 2, and that the hearing had taken place and Petitioner had been sanctioned. *Id.* at 4. In any event, the Court ordered Petitioner to file his petition on the proper form. ECF No. 4. Petitioner filed an amended petition and affidavit in support, ECF Nos. 10, 11, but later filed a motion to strike them, which was granted. ECF No. 19. The operative pleading is docketed as the second amended petition. ECF No. 13.

Petitioner asserts two grounds for relief. First, he appears to attack Respondent's decision not to give him an earlier placement in a halfway house. ECF No. 13 at 5–6A. Second, he attacks the "arbitrary finding of guilt" by the DHO. *Id.*

## II.    APPLICABLE LEGAL STANDARDS

### A.    Exhaustion

A federal inmate must exhaust all administrative remedies available before filing a petition under 28 U.S.C. § 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in extraordinary circumstances and the petitioner bears the burden of demonstrating the

inappropriateness or futility of administrative review. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Administrative remedies for BOP facilities are set forth in 28 C.F.R. §§ 542.10- to 542.18. An inmate must first make an informal request for resolution to the appropriate BOP staff member. 28 C.F.R. § 542.13. If informal resolution is not achieved, the inmate must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the response of the Warden, he may appeal to the Regional Director within 20 days. 28 C.F.R. § 542.15. If dissatisfied with the response of the Regional Director, the inmate may appeal to the General Counsel within 30 days. 28 C.F.R. § 542.15. This is the final step of the process.

For a DHO appeal, an inmate must file an appeal directly to the Regional Director. 28 C.F.R. § 542.14(d)(1). If dissatisfied with the response, he must file an appeal with the Office of General Counsel. 28 C.F.R. § 542.15. This is the final administrative appeal in a DHO hearing case.

### B.       Review of Merits

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest--that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In such cases, due process is satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action

taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). If those requirements are met, the court only looks to see whether there is some evidence in the record that could support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

## III.   ANALYSIS

The record reflects that Petitioner filed his petition before filing his first administrative request for relief. ECF No. 28 at App. 4. He admits that he did not exhaust his remedies with regard to his request to the Warden. ECF No. 15 at 3. Further, he did not initiate the appeal process with regard to the DHO hearing before filing this action. *Id.* at 15 (noting that he planned on filing an appeal). He contends that exhausting his remedies in either case would be futile because of the time it would take. *Id.* at 3, 15–16. However, that is not an excuse for want of exhaustion. *See Ross v. Blake*, 578 U.S. 62, 643–44 (2016) (describing three instances in which exhaustion is unavailable); *Valentine v. Collier*, 978 F.3d 154, 162 (5th Cir. 2020) (that a process operates too slowly is not an excuse for failure to exhaust). In any event, there is no reason to believe that the process would have taken too long in this case. As Respondent notes, the appeal of the DHO hearing was denied by the Regional Director on June 7, 2022. Petitioner failed to appeal further. ECF No. 27 at 7; ECF No. 28 at App. 3–4.

Exhaustion of remedies notwithstanding, as to the DHO hearing, the record reflects that Petitioner received all of the process he was due. He was given notice of the charges against him more than 24 hours prior to the DHO hearing. ECF No. 28 at App. 13. He had an opportunity to be represented by a staff member and to call witnesses at the hearing and did so. *Id.* at App. 17–18, 22–23. The DHO heard the evidence, made his findings based on the evidence, and gave Petitioner a copy of the findings. *Id.* at App. 17–21. Clearly, the finding of guilt as to each charge

is supported by some evidence. *Superintendent*, 472 U.S. at 454–456. This Court does not assess the weight of the evidence or speculate about what might have been. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (court looks only to see that the guilty finding has support of some facts or any evidence at all).

Finally, to the extent Petitioner requests the Court to reinstate the original date he was to have been transferred to a residential reentry center to serve the remainder of his sentence, the Court does not interfere in decisions regarding placement of inmates. Their assignment lies within the prerogative of the Bureau of Prisons. 18 U.S.C. § 3621. Petitioner does not have a constitutional right to be housed in a particular facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Gould v. Lewis*, No. 1:18cv1, 2018 WL 3910845, at *1 (E.D. Tex. Apr. 26, 2018).

## IV.   CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as unexhausted, and, in the alternative, without merit. All pending motions are **DENIED**.

**SO ORDERED** on this 26th day of October, 2022.

Reed O'Connor
UNITED STATES DISTRICT JUDGE